IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
BELINDA MANN, as            )
Administrator of The        )
Estate of Jeremy Dawson,    )
and Individually,           )
                            )
     Plaintiff,             )
                            )   CIVIL ACTION NO.
     v.                     )      2:24cv819-MHT
                            )          (WO)
ALABAMA DEPARTMENT OF       )
CORRECTIONS, et al.,        )
                            )
     Defendants.            )
```

SHOW-CAUSE ORDER

Both attorney John Tracy Fisher, Jr. and the Lento Law Group filed this lawsuit in state court seeking to hold various defendants liable for the death of the plaintiff's son, who was allegedly killed while incarcerated. The complaint names as defendants the Alabama Department of Corrections, Bullock County, Bullock County Correctional Facility, and several individuals. Bullock County removed this case to federal court and immediately filed a motion to dismiss. Plaintiff was given a deadline to file any

opposition but never did. The court then set and held a hearing to discuss the motion, but none of plaintiff's representatives appeared. Shortly thereafter, one of plaintiff's representatives filed a motion to withdraw as counsel.

The court now contemplates what action it should take in light of (1) the failure by plaintiff's representatives to appear at the hearing on the motion to dismiss; (2) the motion by one of plaintiff's representatives to withdraw as counsel; and (3) the delay and added expense that has resulted due to plaintiff's representatives' conduct. To better understand the scope of these three matters, the court will provide a brief background.

## I.  BACKGROUND

### A. NOTICE

As stated, plaintiff has two representatives of record: John Tracy Fisher, Jr. and the Lento Law Group.

Using the Alabama state court's and this court's electronic filing systems, the court has looked into whether plaintiff's representatives received notice of the filings and orders in this case. On December 18, 2024, when this case was removed to federal court, the representatives reportedly were emailed at johnfisher@tuscaloosa-lawyers.com[1] (hereinafter the Tuscaloosa email address) an Alafile Notice of Electronic Filing along with the notice of removal that was filed in state court. *See* v2.alacourt.com (accessed May 22, 2025). That same day, the clerk of this court mailed plaintiff's representatives a copy of the notice of removal to the address this court has had on file since Fisher joined this court's bar in 2015 (a Tuscaloosa physical address), and the defendant mailed the notice of removal to the address listed in the

---

1. Fisher asserted that he has used this email for over 20 years and continues to use it. *See* Mot. to Withdraw (Doc. 12) at 5.

complaint (a Fairhope physical address).  *See* Notice of Removal (Doc. 1) at 3.

This court's electronic filing system also emailed notice to the representatives at the Tuscaloosa email address of the following filings in this case: a motion to dismiss (Doc. 4); an answer to the complaint (Doc. 9); and the court's order setting a briefing schedule for the motion to dismiss, which required plaintiff to file any opposition by January 17 (Doc. 10).  Plaintiff's representatives did not respond to any of these filings.

In early February 2025, Fisher submitted a request to link his PACER[2] account to file documents electronically in this court, using email address jfisher@lentolawgroup.com (hereinafter Lento email address).  He also requested that his contact information be changed to Lento's Cherry Hill, New Jersey address and phone number--information different

---

2. PACER stands for Public Access to Court Electronic Records.

from that in the pleadings.  Prior to this request, plaintiff's representatives were receiving notices electronically at the Tuscaloosa email address (the email previously provided by Fisher).

### B. FAILURE TO APPEAR

The court set a status conference with all counsel for May 20, 2025, to discuss the pending dismissal motion and other issues in the case.  The court's text order setting the status conference was emailed to the Lento email address, the most recent email provided to the court.  Plaintiff's representatives did not appear at the hearing.  Court staff then attempted to contact Fisher by phone using the contact information on the court's electronic filing system and at the number provided in the complaint.  The person who answered the phone told the staff member that Fisher had left the Lento Law Group in February 2025.  The court staff then found a new phone number for Fisher on the website of

5

the Alabama State Bar, was able to reach him at the listed phone number, told him of the missed hearing, and instructed him to update counsel's contact information in the court's electronic filing system. However, before the conversation was over, the call suddenly ended.  It is unclear whether the call was disconnected due to a technical problem or whether he hung up.  When the staff member called counsel back shortly thereafter, he did not answer, so she left a message for him to call her back.  She received a call from his number later that day, but when she answered, no one was on the line.  She has not heard from him since then.

## C. MOTION TO WITHDRAW

Two days later, Fisher filed a motion to withdraw as counsel in this federal court (though the case style and certificate of service reflect the state-court

case).[3]  In the motion, he moved to withdraw on the grounds that he had left the Lento Law Group in February, and that the law firm, not he, had entered a contract with the plaintiff for representation. He therefore maintained that Lento was required to handle the case.

In the motion to withdraw, Fisher made several representations: that the Lento Law Group unilaterally terminated him on February 27, 2025; that the firm told him "that the Clients and contracts all belonged to [Lento], that [Lento] was responsible for contacting all clients and informing them of [Lento]'s decision to terminate the contract," Mot. to Withdraw (Doc. 12) at 4; and that the firm also mentioned it "would handle filing federal court withdrawals/substitutions as [Lento] has [Fisher]'s login credentials for Pacer

---

3. Fisher had previously filed a motion to withdraw as counsel for the plaintiff in the closed state-court case in March 2025, which the state court granted. He did not file a motion to withdraw in federal court at that time, despite the case having been removed in December 2024.

(which [Lento] terminated [Fisher]'s email and thus notice)." *Id.*

On June 10, Fisher submitted a request to revert his email in this court's electronic filing system from the Lento email address to the Tuscaloosa one.

## II. DISCUSSION

Several problems appear here. First, both Fisher and the Lento Law Group failed to appear at a scheduled court hearing. Second, one of plaintiff's representatives seeks to withdraw without a proposal for a specific substitute counsel to represent plaintiff. Third, the representatives' failure to appear has caused undue delay and expense.

### A. FAILURE TO APPEAR

As stated, both Fisher and the Lento Law Group represent plaintiff; yet, neither Fisher nor any attorney from Lento appeared at the May hearing. Nor did any of the representatives inform the court of

8

reason for their absence. This failure to appear followed silence from them in response to a motion to dismiss. According to Fisher's motion to withdraw, after his termination by Lento the law firm represented to him that it represented the plaintiff, and it would substitute counsel. Fisher's motion does not specify when Lento represented that it would cover this case. Regardless, both Fisher and Lento were responsible for representing the plaintiff and neither appeared at the court hearing. Therefore, both Fisher and Lento are responsible for explaining their failure to appear.

## B. MOTION TO WITHDRAW

Fisher now seeks to withdraw as attorney on this case. When a representative requests to withdraw from a case, "it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v.*

*Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 20, 1981).[4] Neither Fisher, nor Lento has explained who would represent the plaintiff if Fisher were permitted to withdraw. Moreover, neither has clarified how withdrawal would not disrupt the prosecution of the plaintiff's case. Without further explanation and a proposal for substitute counsel, the court is reluctant to grant Fisher's motion to withdraw as representative. *See Mekdeci By & Through Mekdeci v. Merrell Nat. Lab'ys, a Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1521 (11th Cir. 1983) (absent "compelling ethical" reasons, "the district court ha[s] the discretion to deny the withdrawal motion").

As stated, Fisher moved to withdraw on the grounds that he had left his former law firm; and that the law firm, not he, had entered a contract with the plaintiff

---

4. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

for representation, and, accordingly, the firm was required to handle the case. While these statements may be true, both Lento and Fisher are listed as plaintiff's representatives in the complaint. Therefore, both have a fiduciary relationship to plaintiff, and both are responsible for ensuring that plaintiff is adequately represented.

In fact, the court is concerned that both Fisher and the Lento Law Group may be attempting to abandon this case and the plaintiff. Although Fisher maintains that Lento will represent the plaintiff, the firm has not done so. Furthermore, the representatives' failure to maintain contact with the court and failure to notify the court of changed circumstances[5] have left the

---

5. Both Fisher and Lento failed to notify the court of their changed circumstances. Counsel for a party bears the burden of ensuring that the court has their current contact information at all times during litigation. *See generally Dickson v. Homeowner Mortg. of Am., Inc.*, No. 1:10-CV-3615-RWS, 2012 WL 2012819, at *2 (N.D. Ga. June 5, 2012) (Story, J.). When Fisher filed his motion to withdraw two days after failing to appear for a hearing, he mentioned that Lento fired him

court without accurate contact information at various points in this case, and with no way to contact the Lento attorneys directly. The court fears the plaintiff may be suffering the same fate. Accordingly, the court will deny the motion to withdraw unless Fisher and the Lento Law Group provide a proposal for specific substitute counsel.

### C. DELAY OF PROCEEDINGS

Plaintiff's representatives' conduct has caused undue delay and additional expense in this case. The representatives' failure to appear for a court hearing has resulted in unjustified additional proceedings. Now, instead of resolving the motion to dismiss, the court has had to track down plaintiff's representatives

---

in February 2025. As a member of this court's bar, Fisher was responsible for notifying this court that his contact information changed when he left his former firm. Likewise, Lento, as plaintiff's attorney, failed to inform the court that Fisher had been fired, and failed to inform the court of a replacement to represent plaintiff.

12

and the parties must address matters unrelated to the merits of this case.  The defendants attended a hearing that could not be completed because plaintiff's representatives were missing.  Additional costs and expenses will persist until these matters are resolved. 28 U.S.C. § 1927 provides that, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  As such, plaintiff's representatives are responsible for explaining why they should not personally be responsible for the costs, expenses, and attorneys' fees incurred due to their aforementioned conduct.

### III. CONCLUSION

The court is troubled by this series of events.  It

13

does not want to penalize plaintiff for what appears to be the irresponsibility of her representatives. But before it decides how to respond, plaintiff's representatives, both Fisher and the Lento Law Group, should have an opportunity to explain themselves.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) By August 15, 2025, John Tracy Fisher, Jr. and each of the leaders of the Lento Law Group listed below in paragraph (3) of this order shall respond <u>individually</u> in writing to show cause for why they should not be required 'personally' to bear all costs resulting from the undue delay and expense caused by their conduct, *see* 28 U.S.C. § 1927, and why Fisher's motion to withdraw (Doc. 12) should not be denied since there is no proposed substitute for counsel.

(2) The clerk of court is DIRECTED to serve this order on the following individuals by certified mail with restricted delivery to:

14

Belinda Mann
7906 Stemley Bridge Road
Talladega, AL 35160;

John Tracy Fisher, Jr.
The Lento Law Group
P.O. Box 364
Fairhope, Alabama 36533;

John Tracy Fisher, Jr.
The Fisher Law Firm
P.O. Box 1428
Tuscaloosa, AL 35403.

    (3) The clerk of court is also DIRECTED to serve this order on the following leaders of the Lento Law Group by certified mail with restricted delivery to:

Joseph Lento
Lento Law Group
1814 East Route 70, Suite 321
Cherry Hill, NJ 08003;

Lawrence Katz
Lento Law Group
1814 East Route 70, Suite 321
Cherry Hill, NJ 08003;

Kelli Palmarozzi
Lento Law Group
1814 East Route 70, Suite 321
Cherry Hill, NJ 08003; and

John Groff
Lento Law Group
1814 East Route 70, Suite 321

Cherry Hill, NJ 08003.

(4) The clerk of the court is further DIRECTED to send this order to the following email addresses:

johnfisher@tuscaloosa-lawyers.com

jfisher@lentolawgroup.com

jdlento@lentolawgroup.com

lakatz@lentolawgroup.com

kepalmarozzi@lentolawgroup.com

jgroff@lentolawgroup.com

(5) Finally, the clerk of the court is DIRECTED to serve this order on the following entities connected with the Lento Law Group:

Managing Attorney
Lento Law Group
803 Government Street - Suite B
Mobile, Alabama 36602;

Corporate Headquarters
Lento Law Group
3003 N. Central Avenue, Suite 685
Phoenix, AZ 85012.

DONE, this the 1st day of August, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE